*536
 
 Battle, J.
 

 The terms of the devise, under which the defendant claims the land in controversy, are not, of themselves-, so vague and uncertain, as to make it void npon the ground of its being a
 
 patent
 
 ambiguity. Whatever difficulty there may be in identifying and locating the part of the tract of land, which the divisor intended for his wife during her life, and thón for his daughter, arises out of the parol proof, and is, therefore, a latent, and not a
 
 patent
 
 ambiguity. The true enquiry, then, is, whether there has been a sufficiency of that kind of proof to remove the ambiguity, by showing what are the boundaries of the land intended to be conveyed. Upon that question, our opinion is decidedly in favor of the defendant. The ford of the branch, the stone chimney, Cove ©reek, and a white oak at the beginning of the tract of land, as laid down on the plat, are all proved and admitted. Two cross-fences are shown, and theie was sufficient testimony to be left to the jury, and to justify them in finding, that the one which led to the ditch, was the one called for in the will, and then to go down the ditch or creek, and then with the creek to the beginning, was only following out the direction therein plainly given. But it is here objected, that this description, as is shown by the plat, does not iuclude any land, because there are no calls for either course or distance, or other way, by which the beginning at the ford can be reached. The reply is, that it is apparent, from a view of the whole will, that tlio testator intended to provide homes for bis wife and each of his children, and that his wife and his daughter, Althea, should have a part of what he calls his “ old tract,” upon which he was then living. His description of the part, which he designed for them, is not complete, but it goes far enough to indicate, with sufficient certainty, that he intended them to have all of the land lying east of the ditch and north of the creek, (Cove creek) which ran to, or near the beginning white oak, indicated on the plat, as being at E. This will include “ all the houses and improvements,” and also the disputed premises, leaving the balance of the old tract to- be divided among his other chiMren, so as to suit themselves. This con-
 
 *537
 
 struetion will give effect to every part of the will, and no doubt will carry out the intention of the devisor, as either therein expressed, or therefrom reasonably to be inferred. The judgment of the Court below, having been rendered in accordance with this view, must be affirmed.
 

 Per CueiaM, Judgment affirmed.